# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF TEXAS

### AUSTIN DIVISION

| | |
|---|---|
| ROBERT ARREDONDO JR., § | |
|     Petitioner, § | |
| § | |
| V. § | A-07-CA-313-SS |
| § | |
| NATHANIEL QUARTERMAN, § | |
| Director, Texas Dept. of Criminal Justice- § | |
| Correctional Institutions § | |
| Division, § | |
|     Respondent. § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:    The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1) and Motion for Production of Documents (Document 4). Petitioner, proceeding pro se, has paid the filing fee for this case. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

## I.  STATEMENT OF THE CASE

A.   **Petitioner's Criminal History**

According to Petitioner, the Director has custody of him pursuant to a judgment and sentence of the 368th Judicial District Court of Williamson County, Texas.  Petitioner asserts on February 28, 1990, he was convicted of burglary of a habitation and was sentenced to 50 years in prison in cause number 89-722-K368.  Petitioner asserts his conviction was affirmed on May 29, 1996.  <u>Arredondo v. State</u>, No. 03-94-00100-CR (Tex. App. – Austin).  According to the docket sheet for the Third Court of Appeals, Petitioner's motion for rehearing was overruled on July 31, 1996.  Petitioner has also challenged his state conviction in several state applications for habeas corpus relief.

Petitioner indicates he has an additional sentence to serve after he finishes his 50-year sentence.  In Cause No. A-07-CV-053-SS Petitioner explains on June 21, 1994, he pleaded guilty to aggravated robbery and was sentenced to 10 years in prison in the 26th Judicial District Court of Williamson County, Texas.

B.   **Petitioner's Grounds for Relief**

Petitioner argues his attorney was ineffective because he had not taken the constitutional oath of office.

## II.  DISCUSSION AND ANALYSIS

A.   **The Antiterrorism and Effective Death Penalty Act of 1996**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"].[1]  The AEDPA amended 28 U.S.C. § 2244 to provide a statute of

---

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

limitations for applications for habeas corpus relief filed pursuant to 28 U.S.C. § 2254. That section provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**B.     Application**

Petitioner's conviction became final, at the latest, on August 30, 1996, at the conclusion of time during which he could have filed a petition for discretionary review with the Texas Court of Criminal Appeals. Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003) ("The one-year limitations period began to run . . . when the 30-day period for filing a petition for discretionary review in state court ended.").

Petitioner did not execute his federal application for habeas corpus relief until April 16, 2007, long after the one-year limitations period had expired. Petitioner's state applications for habeas

corpus relief do not operate to toll the limitations period, because they were filed after the expiration of the one-year limitations period.[2]

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of one-year grace period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III.  RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred and his Motion for Production of Documents be dismissed as moot.

### IV.  OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

---

[2] Clerk's Office personnel for the Williamson County District Clerk's Office indicate Petitioner's first application was not filed until November 4, 1997, and all others were filed after this date.

district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 14th day of June, 2007.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE